SO ORDERED.

Dated: August 18, 2015

Eddward P. Ballinger Jr., Bankruptcy Judge

*Adam Hauf 026702*
**HAUF LAW OFFICE, PLC.**
4225 W. Glendale Avenue, Suite A104
Phoenix, Arizona 85051
P: 623.252.0742 F: 623.321.2310
admin@hauflaw.com
Attorney for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| In re | Case No. 2:14-bk-00568-EPB |
|---|---|
| JOHN BORUCH and JANET BORUCH, | In Proceedings Under Chapter 13 |
| Debtors. | STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the original Chapter 13 Plan of the Debtor as follows:

(A)     **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the trustee for distribution under the Plan.

(1)   Future Earning or Income. Debtors shall make the following monthly plan payments:

| Months | Dates | Amount |
|---|---|---|
| 1-16 | February 2014-May 2015 | $406.00 |
| 17-18 | June 2015-July 2015 | $545.00 |
| 19-60 | August 2015-December 2018 | $835.00 |

 The payments are due on or before the 15th day of each month commencing February 2014. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal and state** income tax returns for the post-petition years of 2014-2017 within 30 days of filing them. The purpose is to assist in the Trustee in determining any change in debtor's annual disposable income. Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan

In Re: BORUCH, JOHN AND JANET -- 2:14-bk-00568-EPB                                        1

payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

(2) Other Property. In the events that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B)    DURATION. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.                                                        *RB*

(C)    CLASSIFICATION AND TREATMENT OF CLAIMS. Claims shall be classified ~~and paid~~ as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1)    Administrative expenses:

(a) Attorney Fees: Adam Hauf shall be allowed total compensation of $4,500.00, The Law Office of Adam Hauf was paid $500.00 for pre-petition services. The Law Office of Adam Hauf will be paid $4,000.00 by the Chapter 13 Trustee for post-petition bankruptcy representation of the Debtor. Administrative expenses have been continued on Other Provisions Paragraph 6(A) to address Trustee Recommendation (4).

(2)    Claims Secured by Real Property:

(a) JP Morgan Chase, secured by a lien in the Debtor's residence located at 15307 W Calavar Rd Surprise, AZ 85379 shall be paid $0 with 0% interest. The Debtors will continue to make regular payments to the creditor directly and outside of the plan.

(b) Bank of America N.A., secured by a second lien in the Debtor's residence shall be avoided by separate order of this Court. As a result of the avoidance of the lien (2:14-ap-00477-EPB) of Bank of America, N.A. shall not be paid through the plan as a secured creditor or direct by the Debtors. Rather any filed claim of Bank of America, N.A. for *RB* this debt shall be classified ~~and paid~~ as a ~~general~~ unsecured claim.
                                                                                *nonpriority*

(c) Debtor proposes to pay Salinas Homeowner's Association, which claims to be secured by a lien on the Debtor's residence $3,000.00 with 0% interest. If the creditor does not accept this proposed treatment, the creditor's claim and objection to confirmation (Docket #29) will be resolved through the adversary proceeding (2:14-ap-00982). The Debtors will continue to make regular post-petition payments to the creditor directly and outside of the plan. *If resolution of the adversary proceeding alters the creditor's treatment of its claim, then an amended order confirming plan must be entered.*

(3)    Claims Secured by Personal Property: *PB*

(a) None.

In Re: BORUCH, JOHN AND JANET – 2:14-bk-00568-EPB                                        2

Case 2:14-bk-00568-EPB    Doc 49    Filed 08/18/15    Entered 08/19/15 08:53:24    Desc
Main Document        Page 2 of 6

(4) Unsecured Priority Claims:

    (a) None.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

*3,942.00* PB

    (a) The Debtors will surrender the 2013 Ford F150 in which Ford Motor Credit has a security interest. Ford Motor Credit, received a total of $~~3,723.00~~ in adequate protection payments while the plan was pending confirmation.

(6) All Other Provisions:

    (a) Counsel has agreed to perform the following services through confirmation of the plan: Review of financial documents and information, Consultation, planning, and advice, including office visits and telephone communications, Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List, Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments., Attendance at the § 341 meeting of creditors, Resolution of creditor objections and Trustee recommendations, and attendance at hearings, Reviewing and analyzing creditor claims for potential objections, and attendance at hearings, Responding to motions to dismiss, and attendance at hearings, Responding to motions for relief from the automatic stay, and attendance at hearings, Drafting and mailing of any necessary correspondence, Preparation of proposed order confirming the plan, Representation regarding the pre-filing credit briefing and post-filing education course. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor after confirmation of the plan:

- Preparation and filing of Modified Plan $ 500
- Preparation and filing of motion for moratorium $ 500
- Responding to motion to dismiss, and attendance at hearings $ 500
- Defending motion for relief from the automatic stay or adversary proceeding: $500
- Preparation and filing of any motion to sell property $ 500
- Preparation and filing of any motion to incur debt $ 500

All other additional services will be billed at the rate of $250.00 per hour for attorney time and $150.00 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application

In Re: BORUCH, JOHN AND JANET – 2:14-bk-00568-EPB      3

unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

*(b) Unsecured claims must receive at least $5,143.00 before*

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation.

*the plan is deemed Completed.*

Property of the estate vests in Debtor upon confirmation.

## DATED AND SIGNED ABOVE

Approved as to Form and Content By:

Russell Brown
2015.08.17
12:21:56 -07'00'

_____     _____
*Russell Brown, Chapter 13 Trustee*          *Maxwell & Morgan, P.C. on behalf*
                                                              *of Salinas Homeowner's Association*

_____     _____
*Adam E. Hauf, Attorney for Debtor*          *Buchalter Nemer on behalf of*
                                                              *Ford Motor Credit Company, LLC*

The Debtor certifies: All required State and Federal income tax returns have been filed. No Domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____     _____
*John Boruch, Debtor*                              *Janet Boruch, Joint Debtor*

In Re: BORUCH, JOHN AND JANET – 2:14-bk-00568-EPB                                    4

unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation.

Property of the estate vests in Debtor upon confirmation.

<u>**DATED AND SIGNED ABOVE**</u>

Approved as to Form and Content By:

_____
*Russell Brown, Chapter 13 Trustee*

_____
*Maxwell & Morgan, P.C. on behalf
of Salinas Homeowner's Association*

_____
*Adam E. Hauf, Attorney for Debtor*

_____
*Buchalter Nemer on behalf of
Ford Motor Credit Company, LLC*

The Debtor certifies: All required State and Federal income tax returns have been filed. No Domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
*John Boruch, Debtor*

_____
*Janet Boruch, Joint Debtor*

In Re: BORUCH, JOHN AND JANET – 2:14-bk-00568-EPB                                    4

1          <u>DATED AND SIGNED ABOVE</u>

2   Approved as to Form and Content By:

3

4

5

6   _____         _____
    *Russell Brown, Chapter 13 Trustee*     *Maxwell & Morgan, P.C. on behalf*
7                                            *of Salinas Homeowner's Association*

8

9

10

11  _____         _____
    *Adam E. Hauf, Attorney for Debtor*     *Buchalter Nemer on behalf of*
12                                           *Ford Motor Credit Company, LLC*

13

14  The Debtor certifies: All required State and Federal income tax returns have been filed. No Domestic
    support obligation is owed or, if owed, such payments are current since the filing of the Petition.
15

16

17

18

19  _____         _____
    *John Boruch, Debtor*                   *Janet Boruch, Joint Debtor*

20

21

22

23

24

25

26

    In Re: BORUCH, JOHN AND JANET – 2:14-bk-00568-EPB                                    4